UNITED STATE BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:  Chapter 7
Franklin Pendleton Taylor, II  Case No.1-14-10723-CLB
           *Debtor*  SSN: xxx-xx-1344

**NOTICE OF MOTION AND MOTION OBJECTING TO EXEMPTION PURSUANT TO 11 U.S.C. §522(l) AND RULE 2004**

      Comes now MORRIS L. HORWITZ, the duly appointed and acting trustee herein, and objects to the list of property, filed on September 8, 2016 that the debtor claims as exempt under 11 USC § 522(b), upon the following grounds and for the following reasons:

Schedule:         B-21

Item:         Lawsuit against Advair (proceeds)

(1)    The within case was originally filed on 3/31/2014 and closed as a 'no-asset' case on 8/7/2014. The case was re-opened by order granted 1/28/16 <u>by the trustee</u>, not the debtor, after the trustee received an inquiry from the 'Advair litigation' counsel Zarah Levin-Fragasso. Thereafter, the trustee undertook his normal activities including claims noticing, routine contact with litigation counsel and noticing of the proposed settlement. The debtor did not seek to amend his claims of exemption until after the proposed settlement was noticed to creditors.

(2)    In the original 341 examination, the trustee routinely asks the following questions in every case:

*Have you ever been involved in a motor vehicle accident where you were hurt?*

*Do you have any other kind of personal injury claim against anyone or any company for any reason?*

*Are you suing anyone for any reason?*

*Other than [debtor's bankruptcy counsel] has any other attorney or law firm represented you in the past three years for anything?*

<u>The debtor herein answered "no" to each of these inquiries.</u>

(3)    In addition, the trustee reads prepared remarks at the outset of each 341 hour that includes the following:

*the bankruptcy code and related federal statutes also require that persons who file bankruptcy must disclose all of their*

*assets as well as all of their liabilities. This means that you are required to list everything which you own and everything which you are entitled to own, whether you have them in your possession today or are entitled to receive them at some time in the future, such as inheritances, personal injury claims or workers compensation claims. <u>This includes claims being handled by out-of-town attorneys for any kind of injury you may have sustained.</u>* (emph. added)

The trustee cannot state with any certainty that the debtor was present in the examination room when this latter remark was read.

(4) Debtors have an absolute obligation to disclose all their assets. A debtor's intentional failure to disclose an asset provides the basis to deny a claim of exemption in that asset. In re Hannigan, 409 F.3d 480,481 (1st Cir. 2005); Matter ofDoan, 672 F.2d 831, 833 (11th Cir. 1982); In re Wood, 291 B.R. 219, 226 (B.A.P. 1st Cir. 2003); In re Orlando, 359 B.R. 395 (Bankr. D. Mass., Rosenthal, 2007); In re Thurston, 2007 WL 1860892 (Bankr. D.Mass., 2007)(unreported decision); In re Salvucci, 05-21229 (Bankr. D. Mass., Hillman, March 14, 2006)(unreported decision). Whether the debtor intended to conceal the asset is a factual determination to be made by the bankruptcy court. In re Hannigan, at 481; Matter of Yonikus, 974 F.2d 901, 905 (7th Cir.1992); Wood, at 226. The debtor's failure to disclose is 'inadvertent' only when, in general, the debtor lacks knowledge of the undisclosed asset or has no motive for concealing the asset. In re Orlando, at 400, citing to In re Park, 246 B.R. 837, 843 (Bankr. E.D. Tex. 2000).

(5) The trustee seeks disallowance of any claim of exemption in the proceeds of the 'Advair litigation.' In the event that the exemption is allowed in full or in part, the trustee seeks a surcharge against the exemption for his statutory fees and commissions and for the costs and disbursements of re-opening, including reasonable attorneys fees.

Please take further notice that a hearing of these objections will be had before Bankruptcy Judge Carl L. Bucki, U.S. Bankruptcy Court, WDNY, Olympic Towers, 300 Pearl Street, Part II Courtroom, 3rd Floor, Buffalo, New York 14202-2501, on **September 19, 2016 at 10:00 a.m.**, or as soon thereafter as counsel can be heard.

DATED:   Buffalo, New York
         September 9, 2016

/s/MORRIS L. HORWITZ, Esq.  
Office, P.O. Address & Telephone  
P.O. Box 716  
Getzville, New York 14068  
(716) 830-3279  

TO: Per filed certificate of service