UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    FRANKLIN PENDLETON TAYLOR II                14-10723 B

                              Debtor            <u>DECISION & ORDER</u>
------------------------------------------------------

                            Morris L. Horwitz, Esq.
                            P.O. Box 716
                            Getzville, New York 14068
                            Trustee and Attorney for the Trustee

                            Matthew B. Herdzik Jr., Esq.
                            3700 Seneca Street
                            West Seneca, New York 14224
                            Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

      In this Chapter 7 case, the trustee proposes to surcharge exempt property for the amount needed to pay his expenses and a commission. Except to the limited extent allowed under 11 U.S.C. § 522(k), the court is compelled to deny this request by reason of the authority of *Law v. Siegel*, __ U.S. __, 134 S.Ct. 1188 (2014).

      Franklin Pendleton Taylor, II, was the plaintiff in an action to recover damages for personal injuries that occurred sometime prior to his filing of a petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2014. Nonetheless, in schedules submitted with his petition, Taylor neglected to list any such cause of action as an asset. Promptly after the commencement of the bankruptcy proceeding, the Office of the United States Trustee assigned Morris L. Horwitz to serve as trustee. At the first meeting of creditors, in response to a direct question from the trustee, the debtor confirmed that he had no outstanding claims for recovery of damages. Shortly thereafter, the trustee filed a final report indicating the absence of any administrable

assets. This court granted an order of discharge on July 10, and the case was closed on August 7, 2014.

Early in 2016, as a result of an inquiry from litigation counsel, Mr. Horwitz learned for the first time about the existence of the debtor's personal injury claim. On January 28, the court granted the motion of Horwitz to reopen the bankruptcy case. Horwitz was reappointed to serve as trustee on the following day. Negotiations ensued. Then on August 24, the trustee moved for authority to approve a settlement. Under its terms, the personal injury claim would be compromised for $31,791.91. After payment of an outstanding Medicaid lien and the fees and expenses of counsel in the tort action, the trustee would receive the net sum of $18,920.29. In response, on August 26, the debtor filed amended schedules which finally acknowledged the existence of a cause of action and which asserted exemptions with regard to this asset in the amount of $34,865. The trustee quickly objected to these claims of exemption. On September 19, the Court heard argument both on the motion to approve the settlement and on the dispute regarding exemptions.

Both debtor and trustee agree as to the reasonableness of the proposed compromise of the personal injury claim. Having also received no objection from creditors, the court has approved the settlement, but on condition that the trustee hold the net recovery of $18,920.29, subject to further order of this Court after resolution of the exemption dispute. The trustee acknowledges that the recovery on account of personal injuries would have been fully exempt, if only the debtor had disclosed the existence of this asset and had duly claimed it as exempt at the time of his bankruptcy filing. Nonetheless, the trustee contends that the debtor lost his right to claim an exemption when he failed to report his cause of action. Alternatively, the trustee asks that the court surcharge the exemption to allow him to recover statutory commissions of $3,929.19; attorney's fees of $825; and a re-opening fee of $260. In

response, the debtor asserts that any failure to schedule his cause of action was an innocent oversight.

The present dispute involves issues of law that this Court previously addressed with regard to essentially the same facts in its decision in *In re Seres*, 437 B.R. 775 (Bankr. W.D.N.Y. 2010). Bankruptcy Rule 1009(a) states that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Consequently, "the debtor may remedy his bad faith in any initial failure to file comprehensive schedules." 437 B.R. at 778. As in *Seres*, we must here "reject the request to disallow the full amount of the debtor's exemption claim." *Id.* Nonetheless, to compensate for the additional expenses that the trustee incurred as a result of the debtor's obstreperousness, our decision in *Seres* allowed the trustee to "surcharge the debtor's exemption for the reasonable value of any cost to the estate." 437 B.R. at 779. The question now is whether a different result must follow from the holding of the Supreme Court in *Law v. Siegel*, __ U.S. __, 134 S.Ct. 1188 (2014).

In *Law v. Siegel*, the Supreme Court stated the essence of its decision as follows: "A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so." 134 S.Ct. at 1196. Consequently, because the statute created no controlling exception in that case, the court disallowed a surcharge against exempt funds. The present case is partially different, in that section 522(k) of the Bankruptcy Code will here authorize a limited surcharge.

Pursuant to 11 U.S.C. § 542(a), entities are generally obligated to turnover to a trustee "property that the trustee may use, sell, or lease under section 363 of [the Bankruptcy Code], or that the debtor may exempt under section 522." Correspondingly, section 522(g) confirms that "the debtor may exempt under subsection (b) [of

section 522] property that the trustee recovers" under section 542. In other words, the action of the trustee in taking possession of property does not preclude the debtor's right to an exemption. Taylor has now finally asserted that exemption. With regard to such exempted property, section 522(k) defines the trustee's right of surcharge. In relevant part, this section provides as follows:

> "Property that the debtor exempts under this section is not liable for payment of any administrative expense except —
> (1) *the aliquot share of the costs and expenses* of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or *of recovery of such property*, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered . . . . "

(emphasis added). Accordingly, pursuant to 11 U.S.C. § 522(k), the trustee may surcharge exempted property for "the costs and expenses" of that property's recovery.

The trustee asserts a right under 11 U.S.C. §326 to collect commissions on the entire amount of the personal injury award. Initially, we note that section 326(a) of the Bankruptcy Code authorizes the court to allow only reasonable compensation to a trustee in an amount not to exceed a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, *excluding the debtor*, but including holders of secured claims" (emphasis added). Although the trustee may in good faith have administered the tort claim with the expectation of a distribution to creditors, the statute allows no commission on funds ultimately paid to the debtor as a consequence of even a delayed claim of exemption. Aside from the portion of proceeds payable to the debtor, the personal injury award was used to satisfy a Medicaid lien and certain costs of recovery, such as the fees and expenses of litigation counsel. With regard to these distributions, however, the estate contains no non-exempt assets from which to pay a commission to the trustee. Payment, if at all,

must therefore derive from a surcharge of exempt funds. However, commissions represent general compensation to the trustee and are not per se a cost or expense that the trustee incurred in connection with his efforts to recover the injury award. Consequently, they are an ordinary administrative claim for which the trustee is unable to surcharge exempt property under 11 U.S.C. § 522(k).

Even though the trustee may not surcharge exempt property for commissions under section 326(a), section 522(k) will still allow him to recover the costs and expenses related to his recovery of those assets. In the present instance, Mr. Horwitz not only served as trustee, but was also authorized to act as the estate's counsel pursuant to 11 U.S.C. §327(d). At the court's request, the trustee has submitted a detailed accounting of time and expenses. In his role as counsel, Horwitz spent 2.75 hours and incurred disbursements of $5.18. Applying an hourly rate of $300, the trustee claims that this time has a value of $825. Additionally, the report shows that Horwitz devoted 1.7 hours of time not in the nature of legal representation, but as trustee services related to recovery of the personal injury award. In an asset case, compensation for such trustee services would have been subsumed into the trustee's commission. Here, the trustee has no non-exempt assets to administer. Accordingly, the cost of recovering exempt property should appropriately include the value of 1.7 hours of non-legal services. At the hourly rate of $300, these services would have a value of $510. Finally, in order to liquidate the injury cause of action, the trustee incurred a fee of $260 for the reopening of this bankruptcy case. Thus, the trustee's costs and expenses would include $825 for attorney services, $5.88 for attorney disbursements, $510 for non-attorney services, and the reopening fee of $260, for a total of $1,600.88. Because the debtor has otherwise exempted the entire amount of

14-10723 B                                                                     6

the personal injury award, the entire amount of these allowable costs and expenses would constitute the aliquot share to be paid from exempt proceeds.

The trustee reopened the present bankruptcy case in order to recover damages relating to personal injuries that the debtor suffered prior to his bankruptcy filing. After the trustee secured that recovery, the debtor duly amended his schedules to claim an exemption for the injury award. As exempt, the award remains the debtor's property, subject only to any statutorily allowed claim. Pursuant to 11 U.S.C. § 522(k), the trustee may surcharge the personal injury award to allow reimbursement of the reasonable costs and expenses related to its recovery. Altogether, these total $1,600.88. Otherwise, the trustee's request for payment of commissions is denied and the balance of funds not subject to surcharge shall be released to the debtor.

So ordered.

Dated:   Buffalo, New York          /s/    CARL L. BUCKI
         December 13, 2016          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.